## STATE v. PHILIP HUGHS.

Court of Quarter Sessions.  February 7, 1793.

*Wilson's Red Book, 2.*

Thomas Marin, the prosecutor offered as a witness.

Objected that he might have restitution, that he was interested, and that the practice had been otherwise; and cited Gilb.Evid. 135, 1 Salk. 283, 2 Hawk.P.C. 433, [2] Str. 728, 1043, 1104. Were cited in answer for the State:  2 Str. 1229, 4 Burr. 2252, and [1] Dall. 110.

Court took the opinion of the Bar who, except Miers Fisher, were against the admission.  But the Court (a majority) over-ruled the objection.

*N.B.*  Although by 2 Str. 1043, 1104, 1229, a party interested in a note can give evidence in a criminal prosecution on it for forgery, perjury etc., yet by 1 Morg.Ess. 271, and 1 Term 296, it seems the law was not so before Chief Justice Lee's time (*vide* 2 Hawk.P.C. 610, 611 and 1 Morg.Ess. 438).  And to this day if the witness is to be a gainer or loser by the event of the cause, he cannot be a witness; and before 21 Hen.VIII, c. 11, in larceny the party robbed being a witness could not have the stolen goods as per 4 Bl.Comm. 356.

## WILLIAM MATTHEWS v. WOODMAN STOCKLEY.

Court of Common Pleas.  1793.

*Wilson's Red Book, 3.*

8

*Peery* and *Miller* for plaintiff.
*Bassett, Wilson* and *Vining* for defendant.

## SARAH COLLINS v. JOSHUA HALL.

Court of Common Pleas.   November, 1793.

*Wilson's Red Book, 4.**

---

* This case is also reported in *Bayard's Notebook, 8.; Miller's Notebook, 14.*